21-2624-cv
*Nicosia v. Amazon.com, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

Dean Nicosia, on behalf of himself and all others similarly situated,

> *Plaintiff-Appellant*,

> v.                                                                         21-2624-cv

Amazon.com, Inc.,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        JOSEPH S. TUSA, Tusa P.C., Southold, NY, (Gregory S. Duncan, Charlottesville, VA, Peter D. St. Phillip, Jr., Scott V. Papp, Lowey Dannenberg, P.C., White Plains, NY, *on the brief*).

FOR DEFENDANT-APPELLEE:        MICHAEL E. KENNEALLY (Gregory T. Parks, James D. Nelson, *on the brief*), Morgan, Lewis

& Bockius LLP, Philadelphia, PA, and Washington, D.C.

Appeal from an order of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Dean Nicosia appeals from the district court's September 30, 2021 order denying his motion, pursuant to Federal Rule of Civil Procedure 60(b)(5), for relief from a judgment compelling arbitration and dismissing the case. Nicosia filed this putative class action in July 2014 alleging that defendant-appellee Amazon.com, Inc. ("Amazon") violated Washington state law and consumer protection laws by selling him and other customers weight-loss products containing sibutramine, a controlled substance that had been removed from the market in 2010 at the request of the Food and Drug Administration.

This case was previously before us in *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 226 (2d Cir. 2016) (*Nicosia I*), when we vacated the dismissal of Nicosia's claims on a motion to dismiss and remanded the case for further proceedings. The case returned to this Court in *Nicosia v. Amazon.com, Inc*, 815 F. App'x 612, 613–14 (2d Cir. 2020) (summary order) (*Nicosia II*), when we affirmed the district court's judgment compelling arbitration and dismissing the case based on a finding that Nicosia agreed to Amazon's then-effective Conditions of Use ("CoU"), which bound him to arbitrate his claims. Following *Nicosia II*, Nicosia commenced an arbitral proceeding against Amazon before the American Arbitration Association. He elected to proceed solely on the threshold issue of whether the then-operative CoU was void to the extent it applied to illegal sales of products containing sibutramine. On March 17, 2021, the arbitrator found that, although the contracts between Nicosia and Amazon concerning the purchase of products containing

2

sibutramine were illegal, the CoU that governed the transactions and compelled arbitration was severable and remained enforceable. Nearly two months later, on May 3, 2021, Amazon amended its CoU to remove the mandatory arbitration clause and instead require litigation of any disputes in a state or federal court in King County, Washington. On appeal, Nicosia argues that, because of this change to Amazon's CoU, the district court erred in denying his motion to vacate the judgment compelling arbitration under Rule 60(b)(5). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's decision on a motion to vacate judgment pursuant to Rule 60(b)(5) for abuse of discretion. *See Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017). "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013) (internal quotation marks and citation omitted). However, we review issues of law *de novo*, such as whether an order compelling arbitration has prospective application under Rule 60(b)(5). *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (per curiam).

Under Rule 60(b)(5), a district court may relieve a party from a final judgment if "applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "That a judgment or order sought to be modified has prospective force is an indispensable condition for obtaining relief" under this provision. *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016). "[A] final judgment or order has prospective application for purposes of Rule 60(b)(5) only where it is executory or involves the supervision of changing conduct or conditions." *Id.* at 170 (internal

quotation marks and citation omitted). For example, "orders or judgments that provide for ongoing injunctive relief fall squarely within these limits." *Id.* at 171. However, "a judgment is not prospective under Rule 60(b)(5) where its only arguably prospective effect . . . is that it precludes relitigation of the issues decided." *DeWeerth v. Baldinger*, 38 F.3d 1266, 1276 (2d Cir. 1994) (internal quotation marks and citation omitted). Accordingly, a judgment that is "immediately final and require[s] nothing of the parties or the district court going forward" is not prospective even though the parties remain bound by that judgment. *Tapper*, 833 F.3d at 171. Thus, in *Tapper*, we held that a final order denying plaintiffs' request for a preliminary injunction was not prospective under Rule 60(b)(5) because it "did not leave open future adjudication of any issues regarding the rights of the parties." *See id.* at 168, 172. Similarly, in *DeWeerth*, we held that a declaratory judgment, which resolved the parties' rights regarding title to personal property, did not have prospective application. *See DeWeerth*, 38 F.3d at 1276.

Here, the district court's final judgment compelling arbitration and dismissing the case was not prospective under Rule 60(b)(5) because its only prospective effect was to bar future relitigation of the arbitrability issue. Following the judgment, which we affirmed in *Nicosia II*, Nicosia filed and completed an arbitration with Amazon, and the arbitrator fully resolved the claims Nicosia chose to pursue. That the district court's judgment has preclusive effect on Nicosia's ability to litigate his claims in federal court is not sufficient to render that judgment prospective. *See Tapper*, 833 F.3d at 171; *DeWeerth*, 38 F.3d at 1276.

Nicosia argues that the judgment compelling arbitration is prospective because, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, the district court may remain involved in the arbitration process by acting on motions to confirm or vacate the arbitration award, *id.* §§ 9–10, resolve disputes about choosing an arbitrator, *id.* § 5, or compel witnesses in arbitration, *id.*

§ 7. However, the district court's limited authority to review and set aside an arbitral award is different and independent from its authority to compel arbitration—in fact, under the FAA, the party may seek judicial review of the arbitral award in the "district wherein the award was made," whether or not that district court had ordered arbitration. *Id.* § 10(a). Therefore, when a district court compels arbitration and dismisses a case, the potential after-the-fact review of the arbitral order by a district court in some future proceeding does not create any ongoing supervision over the arbitration. The FAA's arbitrator-selection and witness-compulsion provisions are similarly inapposite. Section 5 simply permits the district court to choose an arbitrator if, *inter alia*, the arbitration agreement does not provide a method for choosing one, *see id.* § 5, while Section 7 permits the district court *where the arbitrators are sitting*—not the district court which ordered arbitration—to compel attendance of unwilling witnesses, *see id.* § 7; *see also Wash. Nat'l Ins. v. OBEX Grp. LLC*, 958 F.3d 126, 139 (2d Cir. 2020). Even if the district court in this case were involved in appointing an arbitrator or reviewing the arbitration award, such involvement would not render the judgment compelling arbitration "executory" or constitute "supervision of changing conduct or conditions." *DeWeerth*, 38 F.3d at 1276 ("Even if the district court . . . were involved in enforcing an ordered transfer [of the property in accordance with the declaratory judgment], its involvement would not constitute supervision of changing conduct or conditions." (internal quotation marks omitted)). In short, because the district court's order compelling arbitration and unconditionally dismissing the case involved no ongoing supervision of the case, we conclude as a matter of law that the order had no prospective application under Rule 60(b)(5).

Nicosia's reliance on *Road Sprinkler Fitters Local Union No. 669 v. G & L Associated, Inc.* is misplaced. No.10CV00471(TAV), 2014 WL 2718755, at *1 (E.D. Tenn. June 16, 2014). In that case, the district court held that the order sending the case to arbitration had prospective

application under Rule 60(b)(5) because it was a *consent decree* agreed to by the parties and, as such, was "subject to continued enforcement and supervision by the [district court]." *Id.* at *4. Notably, the district court acknowledged that the consent order compelling arbitration would have prospective effect only "until such time as the parties comply with the order"—*i.e.*, submit to arbitration. *Id.* By contrast, in this case, there was no consent decree to arbitrate or other reason why the district court needed to remain involved in the parties' dispute—indeed, the parties had already submitted to arbitration by the time Nicosia filed his Rule 60(b)(5) motion. All of the other cases cited by Nicosia are also factually distinguishable.[1]

In any event, even assuming *arguendo* that the final order compelling arbitration had prospective application, the district court did not abuse its discretion in separately finding that the equities did not favor granting relief under Rule 60(b)(5). After years of litigation in the district court and two appeals, we affirmed the district court's judgment that Nicosia had agreed to resolve his claims in arbitration. *Nicosia II*, 815 F. App'x at 614–15. Following this determination, Nicosia commenced arbitration proceedings against Amazon only on the threshold issue of whether the agreement to arbitrate was enforceable despite the illegality of the underlying sale contracts, and declined to raise all of his substantive claims during those proceedings. Only after the arbitrator issued an award, which determined that Nicosia's agreement to arbitrate was

---

[1] Nicosia further suggests that, under our decision in *Katz v. Cellco Partnership*, 794 F.3d 341, 345–46 (2d Cir. 2015), the district court should have treated the order compelling arbitration as an interlocutory order and stayed the action pending arbitration, instead of dismissing it. However, Nicosia has waived this argument by not raising it during his last appeal before this Court. *See County of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) ("[A] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision, for it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." (alteration adopted) (internal quotation marks and citation omitted)). Indeed, Nicosia relied on the finality of the dismissal order to argue to this Court that it was an appealable final decision under 28 U.S.C. § 1291, rather than an interlocutory order staying the litigation pending arbitration as to which jurisdiction would have been lacking. *See* 9 U.S.C. § 16(b)(1)–(2).

6

enforceable, did Amazon amend its CoU in favor of litigating all disputes in a state or federal court in King County, Washington. Because Nicosia had already arbitrated this dispute and had an opportunity to raise all of his claims in that proceeding, any amendments to Amazon's CoU— which postdate the arbitrator's decision—do not entitle him to reopen and relitigate these claims. *See, e.g.*, *Pike v. Freeman*, 266 F.3d 78, 90–91 (2d Cir. 2001) (holding that *res judicata* bars "claims in federal court based on the binding effect of past determinations in arbitral proceedings," including any claims that "could have been" raised in the prior action). Thus, Nicosia is not similarly situated to other plaintiffs whose disputes with Amazon may have arisen prior to the amendment to the CoU, but had not completed the arbitration. As the district court reasonably concluded, "[t]hat Amazon happened to have changed its CoU and has made its own decision to not seek arbitration against other parties in other actions does not relieve [Nicosia] of the weight of his own strategic decisions in this long-running action." Joint App'x at 276–77.

Nicosia argues that he did not have an opportunity to raise all of his claims in arbitration because our decision in *Nicosia II* instructed that the arbitrator must decide "in the first instance" whether the parties' entire agreement was unenforceable because it pertained to the illegal sale of products containing sibutramine. *Nicosia II*, 815 F. App'x at 615. However, we find that argument unpersuasive. Nothing in this Court's language in *Nicosia II* precluded Nicosia from bringing all of his claims before the arbitrator—in fact, we expressly "conclude[d] that Nicosia was bound by the arbitration agreement based on ordinary principles of notice and assent." *Id.* at 613. Nor did the arbitrator bifurcate the arbitration to decide the issues of arbitrability and liability in different phases. On this record, even if allowing the judgment to stand would deprive Nicosia of any forum for his claims, the district court was well within its discretion to conclude that "equity does not demand that [Nicosia] be given a second bite at the proverbial apple back in this Court" because

7

Nicosia could have pursued all his claims before the arbitrator. Joint App'x at 277; *see generally Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 n.4 (2d Cir. 1986) (finding that when a party "had ample opportunity to protect itself on direct review, it is not inequitable for the judgment to continue to have prospective application").[2]

In sum, we discern no error in the district court's denial of Nicosia's Rule 60(b)(5) motion for relief from the final judgment compelling arbitration and dismissing his case.

\*       \*       \*

We have considered Nicosia's remaining arguments and find them to be without merit. Accordingly, the order of the district court is **AFFIRMED**.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

---

[2] Nicosia also contends that he is entitled to relief from judgment because the Supreme Court in *Morgan v. Sundance*, 142 S. Ct. 1708 (2022), has overruled the holding applied in our Circuit that federal courts can "condition a waiver of the right to arbitrate on a showing of prejudice," and instead directed courts to focus on the defendant's "conduct," not the effect on the plaintiff, *id.* at 1713–14. He contends that *Nicosia II* relied on this overruled holding when it affirmed the district court's denial of his waiver defense to Amazon's motion to compel arbitration after 32 months of litigation. Contrary to Nicosia's suggestion, *Morgan* fully supports our determination in *Nicosia II* that Amazon had not waived its right to arbitrate. *See Nicosia II*, 815 F. App'x at 614–15. We found that Amazon had not waived its right to arbitrate not merely because there was no prejudice to Nicosia but also based on its conduct because Amazon had not "engaged in litigating any substantial merits questions" before seeking arbitration. *Id.* at 615. Thus, Nicosia's argument regarding *Morgan* also provides no basis for relief under Rule 60(b)(5).